UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MARKUS AMEER DAVIS,

       Defendant.
_____/

Case No. 1:13-cr-224

HON. JANET T. NEFF

**OPINION**

      Pending before the Court is Defendant's Motion to Suppress Evidence (Dkt 17), seeking the suppression of evidence found during the search of a storage garage that Defendant was renting. The Government has filed a Response (Dkt 20) in opposition. Having fully considered the parties' arguments and the documentary evidence, the Court determines that no evidentiary hearing on the motion is necessary because the matter can properly be decided on the briefing. For the reasons that follow, the Court denies the motion to suppress.

I. Factual Background

      Following police surveillance of Defendant selling cocaine to a confidential informant (CI) on July 8, 2013, police officers observed Defendant make a second sale to the same CI on July 11, 2013. After completion of the second sale, officers followed Defendant to a storage facility, US Storage Depot, which he entered and left approximately 15 minutes later. Defendant was driving a rental car. The police confirmed with the storage facility that Defendant rented Unit 5306 at the storage, which was in the building they saw Defendant enter. Upon review of the storage activity

log, police determined that Defendant had accessed the unit twice in the two days leading up to the first controlled buy,[1] and once shortly after the second controlled buy, and that the visits were often short.  Based on this information, Detective Michael Kalbfleisch swore an affidavit in support of an application for a search warrant for Unit 5306.  A state judge signed the warrant on July 17, 2013, and it was executed the same day.

In addition to drug paraphernalia, officers discovered and seized a firearm, a Haskell, Model JHP 45, .45 caliber semiautomatic pistol, with an obliterated serial number, later determined to be stolen.  The pistol was loaded and nine rounds of .45 caliber ammunition were recovered.  A federal grand jury returned an indictment against Defendant on November 13, 2013, charging him with being a felon in possession of a firearm (Count 1), and with possessing cocaine with intent to distribute (Count 2) based on a search of his residence conducted on a second warrant.  Defendant's motion seeks the suppression of the evidence obtained in the search of the storage unit pertaining to Count 1.[2]

## II. Legal Standard

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation …."  U.S. Const. amend. IV.  Probable cause exists to issue a search warrant when there is a "fair probability," given the totality of the circumstances, "that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S.

---

[1] This information was not included in the affidavit for the warrant and is not considered with respect to the probable cause or good-faith determinations herein.  The Sixth Circuit has clearly held that the determination of both of probable cause and good-faith reliance must be bound by the four corners of the affidavit.  *United States v. Laughton*, 409 F.3d 744, 751 (6th Cir. 2005).

[2] Defendant does not challenge the evidence obtained in the second search.

213, 238 (1983); *see also United States v. Rose*, 714 F.3d 362, 366 (6th Cir. 2013). Where an affidavit is the basis for a probable cause determination, that affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause …." *Gates*, 462 U.S. at 239; *see also United States v. Gardiner*, 463 F.3d 445, 470 (6th Cir. 2006).

An issuing judge's determination of probable cause must be afforded great deference. *Rose*, 714 F.3d at 366 (citing *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000)). When making a probable cause determination, a court is limited to the information presented in the four corners of the affidavit. *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005). "[T]he issuing judge must undertake a 'practical, common sense' evaluation of 'all the circumstances set forth in the affidavit before him.'" *United States v. Williams*, 544 F.3d 683, 686 (6th Cir. 2008) (internal quotations and citations omitted).

Under the "good faith" exception to the exclusionary rule, even where a search warrant is subsequently held to be defective, the evidence is admissible if the searching officers acted in good faith and seized evidence in "objectively reasonable reliance" on the warrant. *United States v. Leon*, 468 U.S. 897, 921-22 (1984); *United States v. Czuprynski*, 46 F.3d 560, 563-64 (6th Cir. 1995).

There are four situations in which an officer's reliance would not be reasonable and thus the "good faith exception" would not apply:

> (1) where the issuing magistrate or judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth;
>
> (2) where the issuing magistrate or judge wholly abandoned his judicial role and failed to act in a neutral and detached fashion, serving merely as a rubber stamp for the police;
>
> (3) where the affidavit was nothing more than a "bare bones" affidavit that did not provide the magistrate with a substantial basis for determining the existence of probable cause, or

> where the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
>
> (4) where the officer's reliance on the warrant was not in good faith or objectively reasonable, such as where the warrant was facially deficient.

*United States v. Hython*, 443 F.3d 480, 484 (6th Cir. 2006). "The showing required to establish that reliance was 'objectively reasonable' is less than the "substantial basis" showing required to establish probable cause. '[I]t is entirely possible that an affidavit could be insufficient for probable cause but sufficient for good-faith reliance.'" *Id.* at 484 (citations omitted).

"Challenges to the existence of probable cause . . . are questions of law" that can be resolved without an evidentiary hearing. *United States v. Lawhorn*, 467 F. App'x 493, 495 (6th Cir. 2012).

### III. Analysis

Defendant argues that the affidavit in support of the search warrant does not provide probable cause to believe that evidence of a crime would be found in Defendant's storage garage (Def. Mot. at 5). The Court finds to the contrary. Giving due deference to the judgment of the state court judge who issued the search warrant, *Rose*, 714 F.3d at 366, the Court finds that the affidavit submitted supports a finding of probable cause.

The affidavit provided the following statements:

- SIU [City of Kentwood Special Investigations Unit] has an on-going investigation of Markus Ameer Davis and his involvement in the sale of cocaine. Markus Davis shows an address of [redacted] which was verified through Secretary of State Records.

- SIU completed a controlled purchase utilizing a confidential informant (C/I) on 07/08/2013 where informant purchased from Markus Davis a predetermined amount of field tested positive cocaine.

- SIU completed a second controlled purchase utilizing a confidential informant (C/I) on 07/11/2013 where informant purchased from Markus Davis a predetermined amount of field tested positive cocaine.

- The cocaine field tested positive for as such in both controlled purchases.

- On 7-11-13, Davis was operating a Chevrolet Impala during the drug transaction that was leased through Avis Rental Company[.]  During your affiant[']s training and narcotics investigation experience, it is common for a subject dealing controlled substances to lease a rental vehicle so that if apprehended the vehicle cannot be seized.

- Davis was observed directly from the controlled purchase on 07/11/2013 to a storage facility under the name US Storage Depot located at 2345 29th St SE, Grand Rapids, MI. Davis was observed entering the storage facility through the north entrance and to building marked 5000.  The storage garages are located within the main building and in addition there are rows of storage garages to the west of the business.  Davis was at the facility for a period of 15 minutes then was seen driving away from the business.  It is common for traffickers of controlled substances to utilize storage garages as places of concealment for their illegal product, storing of records both electronically and hand written and also US Currency.

- I met with the owner of the US Storage Depot and confirmed that Markus Davis leases building 5306[.] In addition I confirmed Davis had entered the gated area on the date when SIU observed and management advised he utilized the three key pads leading to building 5000 and inside to gain access to 5306.  In viewing a log for entry and exit of the storage facility it shows Davis having numerous short visits to his storage unit.

- Davis shows previous convictions for Felony Stolen Property (Juvenile -1994), Felony Armed Robbery (1996), Felony Weapons[] (2002)[,] Felony Weapons (2003 Sentenced 2.5-10 years)[.]

(Govt. Resp., Ex. D.)

Taking the affidavit as a whole, *see Allen*, 211 F.3d at 975, the above detailed averments of the officers' observation of the two controlled cocaine purchases from Defendant and his immediate travel to the storage unit after the second purchase, coupled with the affiant-officer's experiential knowledge that drug traffickers use storage units to store drugs and other contraband, establish a "fair probability" that evidence of criminal activity would be found in the storage unit.  The warrant was issued less than a week after the second controlled purchase and observation of Defendant's travel immediately thereafter to the storage unit, and in the context of Defendant's other numerous

short visits to the unit.  Contrary to Defendant's argument, these facts provide a sufficient nexus between suspected illegal activity and the storage unit.

Even if the warrant is invalid, the "good faith" exception under *Leon* applies based on the detailed affidavit as discussed above, and does not require the exclusion of the evidence seized. Defendant's Motion to Suppress must therefore be denied.  The officers' reliance on the warrant was objectively reasonable and none of the exceptions to the good-faith rule apply.  Defendant does not argue that any of the allegations in the affidavit were false or that the state judge abandoned his judicial role.  *See Hython,* 443 F.3d at 484.  Nor are the affidavit and warrant so devoid of indicia of probable cause, in the case of the affidavit, or facially deficient, in the case of the warrant, that a reasonable officer could not have relied on them.  *See id.*

Accordingly, Defendant's motion to suppress is properly denied.  An Order consistent with this Opinion will be entered.


DATED: April 15, 2015                       /s/ Janet T. Neff  
                                                   JANET T. NEFF
                                                   United States District Judge